FILED

2024 Aug-28  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PEGGY NELSON and CHRISTOPHER WILLIAMS, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | **CLASS ACTION** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:24-cv-00913-JHE |
| MUNICIPAL PARKING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT MUNICIPAL PARKING SERVICES, INC.'S
UNOPPOSED MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION**

_____

Defendant Municipal Parking Services, Inc. ("MPS"), moves the Court for an order transferring this action to the Northern District of Florida, Pensacola Division. A first-filed putative class action asserting the same claim, based upon similar allegations against this Defendant, is pending there. The first-filed action is styled *Smiley v. Municipal Parking Services, Inc.*, Case No. 3:24-cv-00320-TKW-HTC. District Judge Kent T. Wetherell, Jr. is the presiding judge.

As explained below, transfer is appropriate under the first-filed rule and in the interest of comity and to reduce the risk of inconsistent rulings. Plaintiffs do not oppose this transfer relief.

4886-3521-7117.1

## <u>BRIEF OVERVIEW</u>

This is one of several putative class actions that have been filed in courts around the United States against parking vendors utilizing license plate recognition camera technology to identify vehicle owners and engage in parking enforcement operations.

Plaintiffs initiated this action on July 10, 2024, in this Court. [Doc. 1]. The Complaint contains one cause of action against Defendant for an alleged violation of the Driver's Privacy Protection Act (the "DPPA") based upon the allegation that Defendant used an image of Plaintiffs' vehicle license plates to obtain Plaintiffs' names and addresses from a non-public state DMV motor vehicle record. Plaintiffs seek certification of a nation-wide class of all vehicle owners who have received parking violations through the mail based upon the allegation that Defendant obtained their information in a similar manner. Plaintiffs seek statutory and other damages under the DPPA, along with an award of their reasonable attorneys' fees and costs.

Prior to Plaintiffs filing this action, Plaintiff Audrey Smiley initiated an identical action in Florida state court on June 5, 2024. A copy of the Complaint filed in state court is attached as **Exhibit A**. A quick review of Exhibit A shows the two actions are substantially similar since they both seek the same relief on behalf of the same putative class, during the same time period.

Defendant removed the *Smiley* action under federal question jurisdiction on July 12, 2024. A copy of the notice of removal is attached as **Exhibit B**. The removal vested jurisdiction of that action in the Northern District of Florida, Pensacola Division.

The parties in the *Smiley* action have commenced initial written discovery, and briefing is underway on issues presented in response to Plaintiff's motion to dismiss and strike aspects of Defendant's Amended Answer, Defenses, and Counterclaim. Additionally, Judge Wetherell, Jr. recently entered a scheduling order for the *Smiley* case (attached as **Exhibit C**).

### TRANSFER IS APPROPRIATE UNDER THE FIRST-FILED RULE

The first-filed rule has long existed in favor of transfer in circumstances such as this where two cases raising the same issues are pending in two courts at the same time. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted); *see Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("The '**first**-to-**file**' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." (citations omitted)). The rule has been applied even in circumstances such as here where a case was first-filed in state court, but not removed until after the latter case was filed in federal court. *Orbsat Corp. v. Seifert*,

3

No. 1:21-cv-22436-GAYLES, 2021 WL 5771150 at * 1-2 (S.D. Fla. Dec. 6, 2021). The date for determining the first-filed case remains the date the case was literally first-filed. *Id.*

In this circumstance, *Smiley* is the first-filed case. All of the interests that lie within the first-filed rule favor transfer. The *Smiley* case will present similar if not identical issues to those presented here. Transfer will avoid duplication of discovery, motions practice and avoid the potential for inconsistent rulings. Plaintiffs do not oppose that relief.[1]

WHEREFORE, Defendant respectfully requests that the Court enter an order directing transfer of this action to the Northern District of Florida, Pensacola Division, where the *Smiley* matter is pending and directing that no further proceedings take place in this Court concerning the matter.

Respectfully submitted this 28th day of August 2024.

> */s/ Charles A. Stewart III*
> Charles A. Stewart III (ASB-4955-A56C)
> BRADLEY ARANT BOULT CUMMINGS LLP
> 445 Dexter Avenue, Suite 9075
> Montgomery, AL 36104
> Telephone:  (334) 956-7608
> Facsimile:  (334) 956-7701
> E-mail:      cstewart@bradley.com
>
> ***Attorney for Defendant***

---

[1] After transfer, Plaintiffs and Defendant intend to address issues relating to consolidation and scheduling with District Judge Kent T. Wetherell, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2024, a copy of the foregoing was electronically filed with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

*Attorneys for Plaintiffs*
Jonathan S. Mann, Esq.
Austin B. Whitten, Esq.
PITTMAN, DUTTON, HELLUMS,
    BRADLEY & MANN, P.C.
2001 Park Place North, Suite 1100
Birmingham, AL 35203
jonm@pittmandutton.com
austinw@pittmandutton.com


/s/ Charles A. Stewart III
Charles A. Stewart III

5